IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA WITTY, §
§ No. 56, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. S2008002080
STATE OF DELAWARE, § S1501019096
§ S1508008541
Appellee. § S1808020827

Submitted: June 6, 2022
Decided: August 8, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Joshua Witty, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Witty's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2016, Witty pleaded guilty to drug dealing (Tier 4 Heroin), and the Superior Court sentenced him to fifteen years of imprisonment, suspended for eighteen months of Level III probation. Also in 2016, Witty pleaded guilty to possession of a firearm by a person prohibited ("PFBPP"), and the Superior Court

sentenced him to eight years of imprisonment, suspended after three years for one year of Level IV home confinement. In 2018, Witty pleaded guilty to drug dealing (Tier 2 Cocaine), and the Superior Court sentenced him to eight years of imprisonment, suspended after successful completion of the Level V Key drug treatment program for decreasing levels of supervision.

(3)  In 2020, Witty pleaded guilty to possession of heroin and resisting arrest. On September 24, 2020, the Superior Court sentenced him for those offenses to a total of sixteen years of imprisonment, suspended for Level III probation. Also on September 24, 2020, the Superior Court found Witty in violation of probation and imposed VOP sentences for the 2016 and 2018 drug dealing and PFBPP offenses. The 2020 VOP sentence imposed a total of fourteen years and one month of imprisonment, suspended after one year for decreasing levels of supervision.

(4)  On September 9, 2021, a probation officer filed an administrative warrant alleging that Witty was in violation of probation. The warrant alleged that Witty had been transported to a medical facility for treatment for an apparent overdose and that Witty was found in possession of marijuana and approximately 180 bags of heroin. At a hearing on January 28, 2022, the Superior Court found Witty in violation of probation and imposed VOP sentences relating to the offenses of which Witty was convicted in 2016, 2018, and 2020. The corrected VOP sentence order dated February 8, 2022, which is the subject of this appeal, sentenced Witty to

2

a total of twenty-eight years and seven months of imprisonment, suspended after one year for decreasing levels of supervision.

(5)    Witty has appealed from the February 8, 2022, VOP sentence order. Witty's first argument on appeal is that his counsel was ineffective. We will not consider this claim for the first time on direct appeal.[1]

(6)    Witty also argues that the VOP sentence is unjust and that the "five months that [he] waited for court . . . did not go to time served." After careful consideration of the record, we find no reversible error. "It is well-established that appellate review of sentences is extremely limited."[2] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]

(7)    The 2022 VOP sentence at issue in this appeal was within the applicable

---

[1] *E.g.*, *Erwin v. State*, 2019 WL 6833859, at *1 (Del. Dec. 13, 2019).
[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citation omitted).
[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[4] *Kurzmann*, 903 A.2d at 714.
[5] 11 *Del. C.* § 4334(c).

3

limits. On September 24, 2020, in orders from which Witty did not appeal, the Superior Court sentenced Witty to (i) a total of sixteen years of imprisonment, suspended for Level III probation, for possession of heroin and resisting arrest, and (ii) a total of fourteen years and one month of imprisonment, suspended after one year for decreasing levels of supervision, for VOPs relating to the 2016 and 2018 convictions. Together, the sentences imposed in September 2020 totaled thirty years and one month of imprisonment, suspended after one year for decreasing levels of supervision. Assuming that Witty served the unsuspended year and, as he contends on appeal, an additional five months toward those sentences before the 2022 VOP adjudication and sentence, it appears that the 2022 VOP sentence—a total of twenty-eight years and seven months, suspended after one year for decreasing levels of supervision—was within the balance of the Level V time remaining on Witty's sentences. To the extent that Witty claims that the sentence imposed for any individual offense exceeds the balance remaining for that offense, he has not sufficiently identified the purported error, nor has our review of the record revealed any such error.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

4